FILED
United States Court of Appeals
Tenth Circuit

May 17, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JEREMIAH WEST,

      Defendant - Appellant.

No. 10-4123

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 05-CR-00675-DAK-1)**

---

Submitted on the briefs:[*]

Carlie Christensen, United States Attorney, and Karin M. Fojtik, Assistant United States Attorney, Salt Lake City, Utah, for Plaintiff - Appellee.

Steven B. Killpack, Utah Federal Defender, Scott Keith Wilson, Assistant Federal Defender, and Kent Hart of Utah Federal Defender's Office, Salt Lake City, Utah, for Defendant - Appellant.

---

Before **KELLY**, **TACHA**, and **EBEL**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause therefore is ordered submitted without oral argument.

**KELLY**, Circuit Judge.

Defendant-Appellant Jeremiah West appeals from a remand sentence. In United States v. West (West I), 550 F.3d 952 (10th Cir. 2008), we affirmed the district court's determination that he was subject to a minimum mandatory 15-year sentence, but remanded for the district court to make factual findings regarding the facts underlying three enhancements. On appeal, Mr. West challenges whether a prior felony conviction for failure to stop constitutes a violent felony under the Armed Career Criminal Act ("ACCA") and the restitution award. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm in part and remand.

Background

Briefly, Mr. West was indicted on four counts: (1) being a previously convicted felon in possession of a firearm and ammunition, (2) being a person who is addicted to and an unlawful user of controlled substances who knowingly possesses a firearm and ammunition, (3) possessing marijuana with the intent to distribute, and (4) possessing methamphetamine. West I, 550 F.3d at 955. Mr. West pleaded guilty to one count of being a previously convicted felon in possession of a firearm in exchange for the Government's agreement to drop the other charges. Id. In pleading guilty, he admitted that he had tried to evade

police, that he knowingly possessed the shotgun found in his car, and that he had previously been convicted of a felony. Id. at 956. He was sentenced to 235 months' imprisonment, at the low end of the Sentencing Guidelines range of 235 to 293 months. 1 R. 82-83. The district court also ordered Mr. West to pay $6,118.26 in restitution for damage during the attempt to flee. Id. at 86.

On appeal from his sentence, we concluded that the district court failed to address specifically Mr. West's objections to the PSR's facts, instead simply adopting the PSR. West I, 550 F.3d at 974. We remanded with instructions to resolve the factual disputes Mr. West raised or, if determined that the government did not prove the disputed facts by a preponderance of the evidence, that the court conduct a new sentencing proceeding excluding those unproven factual allegations. Id. at 975.

On remand, Mr. West argued that his sentence should not have been enhanced under the ACCA; the gun he possessed was not stolen; and his childhood abuse, trauma, and psychological disorders mitigated his conduct. 1 R. 92-94. In addition, Mr. West argued for the first time that the district court improperly imposed restitution for damage that did not result from the actions forming the underlying basis for his conviction. Id. at 148.

At resentencing, the government agreed that no evidence supported a two-level enhancement for possessing a stolen weapon, reducing the guideline range to 188-235 months. Id. at 157. The district court resentenced Mr. West on July

1, 2010, removing the stolen weapon enhancement and sentencing Mr. West under the § 3553 factors. 2 R. 15-16. The court imposed the statutory minimum sentence of 180 months. Id. at 16. However, the court concluded that it lacked the power to revisit the restitution issue as it was not the issue prompting the remand, regardless of whether it was properly raised by Mr. West. Id.

On appeal, Mr. West again asserts that his fleeing conviction is outside the ambit of the ACCA. Aplt. Br. 3. He also argues that the restitution award in this case was illegal. Id. at 4.

## Discussion

In reviewing a sentence on appeal, we first determine whether the sentence is procedurally reasonable, reviewing the district court's legal conclusions de novo and its factual findings for clear error. United States v. Muñoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008). Whether Mr. West's prior conviction for failure to stop constitutes a violent felony under the ACCA is a legal determination that we review de novo. Likewise, the district court's determination that it lacked the authority to hear the restitution argument on resentencing is a purely legal issue that we review de novo. As the issue of the district court's authority concerns compliance with the mandate issued by this court, we review for harmless error. United States v. Lang, 405 F.3d 1060, 1064 (10th Cir. 2005).

A.     Violent Felony Under the ACCA and Law of the Case

"'[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal.'" Roth v. Green, 466 F.3d 1179, 1187 (10th Cir. 2006) (quoting Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1995)). Under this doctrine, we are bound by our determination in West I that Mr. West's prior felony conviction for failure to stop constitutes a violent felony under the ACCA. The law of the case doctrine precludes relitigation of a ruling of law in a case once it has been decided. McIravy v. Kerr-McGee Coal Coop., 204 F.3d 1031, 1034-35 (10th Cir. 2000). The doctrine "'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)).

The law of the case doctrine is a rule of practice, Pittsburgh Cnty. Rural Water Dist. No. 7 v. City of McAlester, 358 F.3d 694, 711 (10th Cir. 2004), and, therefore, may be excused by circumstances such as intervening contrary decisions by the Supreme Court, United States v. Platero, 72 F.3d 806, 811 (10th Cir. 1995). In West I, we addressed Mr. West's argument under the ACCA and determined that his prior conviction for failure to stop constitutes a violent felony under the ACCA. 550 F.3d at 960. That determination is the law of the case

unless the Supreme Court issues an intervening contrary decision.  Mr. West now argues that a case recently argued before the Supreme Court, Sykes v. United States, 598 F.3d 334 (7th Cir. 2010), cert. granted, 79 U.S.L.W. 3194 (U.S. Sept. 28, 2010) (No. 09-11311), may provide such authority.

We recognize that Sykes presents the Supreme Court with the question this court answered in West I.  However, as a disposition in Sykes has not yet been reached, the law of the case for this appeal remains unchanged.  If the Supreme Court issues an opinion in Sykes favorable to Mr. West, it will probably be within the ninety-day window in which West can file a petition for certiorari to the Supreme Court.  Sup. Ct. R. 13.  Or, alternatively, Mr. West can seek a precautionary petition for certiorari arguing the Sykes issue.  But for now, we must affirm our prior ruling that West's prior felony conviction for failure to stop constitutes a violent felony under the ACCA.

B.      Restitution upon Resentencing and the Mandate Rule

Mr. West did not raise his challenge to the restitution award in his initial sentencing proceedings and appeal, and, therefore, we are not bound by the law of the case with respect to this issue.  Because we remanded for resentencing, the mandate rule controls here.  The mandate rule is a corollary to the law of the case requiring trial court conformity with the appellate court's terms of remand; in this circuit "where the appellate court has not specifically limited the scope of the remand, the district court generally has discretion to expand the resentencing

- 6 -

beyond the sentencing error causing the reversal." United States v. Moore, 83 F.3d 1231, 1234 (10th Cir. 1996) (citations omitted). The mandate rule is consistent with 18 U.S.C. § 3742(g), which directs that when a case is remanded for resentencing, the district court "shall resentence a defendant in accordance with section 3553 and with such instructions as may have been given by the court of appeals . . . ." See generally Fed. R. App. P. 41(a).

The mandate rule is "a rule of policy and practice, not a jurisdictional limitation, which thus allows some flexibility in exceptional circumstances." Moore, 83 F.3d at 1234-35. The Government asserts that because the requisite exceptional circumstances are not present in the case, a second remand is not warranted. Aplee. Br. at 13 n.3. (citing Moore, 83 F.3d at 1234). This argument is beside the point; because we conclude that consideration of Mr. West's challenge to the restitution award was within the permissible scope of remand, we need not address whether exceptional circumstances are present such that an exception to the mandate rule would be warranted.

There is a divergence among the circuits concerning the permissible scope of resentencing on remand. See United States v. Whren, 111 F.3d 956, 959 (D.C. Cir. 1997) (collecting cases); Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 4478.3, at 763 n.64 (2d ed. 2002). While this circuit and others generally contemplate that resentencing may proceed de novo, others employ a "waiver" approach reasoning that issues not previously

raised have been waived. Whren, 111 F.3d at 959. Our rule is perhaps best illustrated by contrast to those circuits that have adopted the waiver approach. For example, the Seventh Circuit and the District of Columbia Circuit have adopted the rule that "[o]nly an issue arising out of the correction of the sentence ordered by [the court of appeals] could be raised in a subsequent appeal." United States v. Parker, 101 F.3d 527, 528 (7th Cir. 1996); see Whren, 111 F.3d at 959 (adopting this rule). In adopting this approach, the District of Columbia Circuit reasoned, "De novo resentencing is in essence a license for the parties to introduce issues, arguments, and evidence that they should have introduced at the original sentencing hearing. The alternative of requiring the parties to raise all relevant issues at the original sentencing hearing serves both equity and efficiency . . . ." Whren, 111 F.3d at 959.

In contrast, the scope of the mandate on remand in the Tenth Circuit is carved out by exclusion: unless the district court's discretion is specifically cabined, it may exercise discretion on what may be heard. Therefore we do not make inquiry into whether the issue presented is antecedent to or arises out of the correction on appeal. Instead the district court is to look to the mandate for any limitations on the scope of the remand and, in the absence of such limitations, exercise discretion in determining the appropriate scope. This approach has been characterized by a sister circuit as a presumption in favor of a general remand. See, e.g., United States v. Helton, 349 F.3d 295, 299 (6th Cir. 2003). Our rule

was articulated by United States v. Ortiz, 25 F.3d 934, 935 (10th Cir. 1994), and further explained in Moore, 83 F.3d at 1235. Thus, under our precedent, the district court may (not must) expand the scope of resentencing absent an express limitation. See also United States v. Keifer, 198 F.3d 798, 801 (10th Cir. 1999).

Accordingly, to determine whether the district court had discretion to expand the scope of remand to consider the restitution issue we must look to the mandate in West I to determine whether it "specifically limit[s] the scope of remand so as to prevent the district court from considering" West's objection to the restitution order. Lang, 405 F.3d at 1064. Compare id. (concluding that the language, "Based on the foregoing, we REVERSE the district court's downward departures for both Langs, remanding both cases for resentencing pursuant to 18 U.S.C. § 3742(f)(2)(B), and AFFIRM the decision of the district court on the remaining issues" did not include "the type of specificity necessary to limit a district court's authority to resentence on remand" (citing United States v. Hicks, 146 F.3d 1198, 1200-01 (10th Cir. 1998))), with United States v. Webb, 98 F.3d 585 (10th Cir. 1996) (concluding that the language in Webb I, 49 F.3d 636, 640 (10th Cir. 1995), "The decision of the district court to depart from the applicable guideline range is therefore REVERSED. The Case is REMANDED for resentencing within the prescribed range of twenty-seven to thirty-three months imprisonment" prohibited district court from departing downward from the articulated range at resentencing).

In <u>West I</u> we stated,

> "If the district court fails to comply with Rule 32(i)(3)(B), we must remand for the court to either make the necessary findings or enter a declaration that it did not take the controverted matters into account in sentencing the defendant." <u>United States v. Cereceres-Zavala</u>, 499 F.3d 1211, 1213-14 (10th Cir. 2007). For these reasons, we are compelled to REMAND this case, directing the district court resolve the factual findings West raised or explain why it is unnecessary for sentencing purposes to do so. If the district court determines that the Government did not prove the disputed facts by a preponderance of the evidence, the district court should then conduct a new sentencing proceeding, excluding those disputed and unproven factual allegations.

550 F.3d at 975. The opinion ended with the sentence, "We REMAND for the district court to conduct proceedings consistent with this decision." <u>Id.</u>

It is true that in <u>West I</u> we specifically instructed the district court first to resolve the factual disputes Mr. West raised. If this circuit adhered to the waiver approach, one might conclude that the restitution challenge, being outside the grounds for initial appeal and remand, was waived. As discussed, however, the default in this circuit is de novo resentencing. To the extent that the district court determined that it should conduct a new sentencing proceeding, we did not limit the scope of that proceeding. Therefore, the district court erred when it determined that it lacked authority to reconsider the restitution obligation; the district court had discretion to consider the issue. <u>Accord</u> <u>United States v. Brown</u>, 212 F. App'x. 747, 751 (10th Cir. 2007) (unpublished) ("A review of our case law shows that we require quite a high level of specificity to limit a remand

on resentencing." (citing Webb, 98 F.3d at 587; United States v. Davis, 912 F.2d 1210, 1215 (10th Cir. 1990))).

We cannot say that the district court's error was harmless. "Courts have no inherent power to order restitution; they may only do so as authorized by statute." United States v. Gordon, 480 F.3d 1205, 1210 (10th Cir. 2007) (citation omitted). In this case, the district court originally imposed restitution pursuant to the Mandatory Victim Restitution Act (MVRA):

> [W]hen sentencing a defendant convicted of an offense . . . the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense . . . . For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . . . This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense that is a crime of violence, as defined in section 16; an offense against property under this title, or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including any offense committed by fraud or deceit; or an offense described in section 1365 (relating to tampering with consumer products) . . . .

18 U.S.C. § 3663(A)(a)(1)-(2), (c)(1)(A)(i)-(iii). In Hughey v. United States, the Supreme Court held that "the language and structure of the [Victim and Witness Protection Act (VWPA)[1]] make plain Congress' intent to authorize an award of

---

[1] The definitions of victim in the VWPA and the MVRA are identical, as the VWPA was the predecessor statute to the MVRA. Compare 18 U.S.C. § 3663(a)(2) (defining "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered"), with 18 U.S.C. § 3663(A)(a)(2) defining "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which

- 11 -

restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." 495 U.S. 411, 413 (1990) (footnote omitted). Hughey abrogated our prior holding in United States v. Duncan permitting restitution for losses associated with additional counts of an indictment for which a defendant did not plead guilty because they "had a significant connection to the act for which conviction was had." 870 F.2d 1532, 1537 (10th Cir. 1989). "The MVRA, which amended the VWPA in 1996, did not change the general rule that restitution may only be ordered for losses caused by the offense of conviction." United States v. Gordon, 480 F.3d 1205, 1211 (10th Cir. 2007). The "'main inquiry for causation in restitution cases is whether there was an intervening cause and, if so, whether this intervening cause was directly related to the offense conduct.'" United States v. Speakman, 594 F.3d 1165, 1172 (10th Cir. 2010) (quoting United States v. Wilfong, 551 F.3d 1182, 1187 (10th Cir. 2008)).

Mr. West pleaded guilty in this case only to being a previously convicted felon in possession of a firearm. 1 R. at 82; see 18 U.S.C. § 922(g)(1). The district court imposed restitution for the losses suffered when West used his car to repeatedly hit the police cars and the convenience store before he was arrested. However, the fact that West caused injury to property in connection to resisting arrest is not sufficient to infer that the damage was caused by the underlying

restitution may be ordered"). Therefore, this Court has concluded that interpretations of the VWPA are relevant to the MVRA. See United States v. Wilfong, 551 F.3d 1182, 1185 (10th Cir. 2008).

- 12 -

possession crime to which he pleaded guilty. In determining whether a defendant is required to pay restitution under the MVRA the district court must determine (1) whether the crime of conviction or plea falls within the terms of 18 U.S.C. § 3663A(c) and (2) whether that crime was the proximate cause of the damage.

The district court's conclusion that it lacked discretion to hear Mr. West's restitution challenge was error. See Moore, 83 F.3d at 1235 ("Such a failure to exercise discretion when there is an obligation to do so is itself error." (citation omitted)). Because the court of appeals is not empowered to exercise the discretion of the district court, we must remand. On remand, the district court shall consider only this issue. Appellant's motion to withdraw the ineffective assistance of counsel claim is granted.