FILED
United States Court of Appeals
Tenth Circuit

August 19, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ERIC JEROME JAMES,

      Defendant-Appellant.

No. 12-3291
(D.Ct. No. 5:12-CR-40047-RDR-1)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Eric Jerome James pled guilty to one count of carjacking for

willfully taking a motor vehicle in violation of 18 U.S.C. § 2119, received a

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

sentence of 216 months imprisonment and five years supervised release, and was ordered to pay $6,304.43 in restitution. Mr. James appeals only the order of restitution, contending the district court lacked authority to impose restitution for a loss not directly and proximately caused by the offense of conviction. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and vacate and remand to the district court the judgment of restitution for damages concerning the vehicle involved in this appeal.

## I. Background

On April 18, 2012, Mr. James escaped on foot from a jail in Kansas and came upon the owner of a 2002 Nissan Altima. After an altercation which left lacerations on the owner's face, Mr. James fled in the vehicle, driving to Omaha, Nebraska. Two days later, while at the home of Latasha Collier, Mr. James provided the vehicle to Jackson Williams; later that day, Omaha police stopped Mr. Williams after verifying the vehicle was the one stolen from Kansas and might contain an escaped felon. After explaining he borrowed the vehicle from Mr. James, Mr. Williams directed the police to Ms. Collier's residence where they found Mr. James and arrested him. Meanwhile, the vehicle was towed from the scene of Mr. Williams's arrest to the Omaha police impound lot where United States Marshals placed a "hold" and "hands-off" instruction on the vehicle. At the time of impoundment, the Omaha Police Department reported the condition of the vehicle as having "small scratches & minor interior damage." Sometime

thereafter, apparently either while impounded or transported back to Kansas, the vehicle was damaged, causing the victim's insurance company to determine the vehicle was totaled; it later sold it for salvage.

Following Mr. James's guilty plea to the carjacking offense, a probation officer prepared a presentence report calculating his sentence under the applicable 2011 United States Sentencing Guidelines. In recommending the amount of restitution, the probation officer determined the total loss amount at $8,169.43, which was later reduced to $6,304.43 after deduction of the salvage proceeds.

Both in a formal objection and at the sentencing hearing, Mr. James objected to paying restitution for damage caused to the vehicle, arguing that while the vehicle was totaled when it was returned to Kansas, his crime was not the proximate cause of the damage which arose after the crime was committed and the vehicle was placed in the government's custody. In turn, the government admitted it had no evidence of how the damage actually occurred to the vehicle, but that Mr. James should be responsible for any damage to the vehicle following the carjacking given his offense ultimately resulted in such damage. At the conclusion of the sentencing hearing, the district court agreed with the government, stating it "accepts the argument that this man is responsible for what happened to that automobile." It then ordered Mr. James to pay restitution for damage to the vehicle.

## II. Discussion

On appeal, Mr. James claims the district court did not have authority to order restitution for a loss not directly and proximately caused by the carjacking. Pointing to the government's admission it had no evidence on the cause of the damage, Mr. James argues the government failed to carry its burden of showing either proximity or a lack of intervening cause or that any intervening cause of the damage was not too attenuated from his offense. The government opposes the appeal, but in the event the district court erred, asks we remand for further proceedings rather than issue a final decision restitution was inappropriate.

Generally, "[w]e review the district court's application of the MVRA [Mandatory Victims Restitution Act][1] *de novo*, review its factual findings for clear error, and review the amount of restitution awarded for abuse of discretion." *United States v. Gallant*, 537 F.3d 1202, 1247 (10th Cir. 2008). As Mr. James points out, the government bears the burden of proving the loss was sustained as a result of the offense. *See United States v. Speakman*, 594 F.3d 1165, 1172-73 n.5 (10th Cir. 2010). "'Courts have no inherent power to order restitution; they may only do so as authorized by statute.'" *United States v. West*, 646 F.3d 745, 750 (10th Cir. 2011) (quoting *United States v. Gordon*, 480 F.3d 1205, 1210 (10th Cir.

---

[1] We refer to the Mandatory Victims Restitution Act of 1996 as the "MVRA." *See* Pub. L. No. 104-132, 110 Stat. 1227 (codified principally at 18 U.S.C. § 3663A and enforced under 18 U.S.C. § 3664, as provided in § 3663A(d)).

2007)).

With respect to the statute to which we look for authorization in this case, the MVRA states, in part, the court shall order the defendant to make restitution to the victim of the offense and defines "victim" as "a person *directly and proximately harmed* as a result of the commission of an offense for which restitution may be ordered ...." *See* 18 U.S.C. § 3663A(a)(1)-(2) (emphasis added).

We have held, with respect to the terms "directly and proximately," the word "and" is conjunctive, and therefore, "directly" and "proximately" each have a separate meaning and both must be shown to support an order for restitution. *See Speakman*, 594 F.3d at 1171. We define "directly" as requiring a showing of "but-for" causation, so that a particular loss would not have occurred but for the conduct underlying the offense of conviction. *See id.* In turn, "proximately" requires a causal connection between the conduct and a loss that is not too attenuated, either factually or temporally. *See id.* at 1171-72 (relying on *United States v. Robertson*, 493 F.3d 1322, 1334 (11th Cir. 2007); *United States v. Cutter*, 313 F.3d 1, 7 (1st Cir. 2002)). In considering proximate cause, our main inquiry is "whether there was an intervening cause and, if so, whether this intervening cause was directly related to the offense conduct.'" *Id.* at 1172. In conducting the direct and proximate cause analysis, we have held restitution under the MVRA may only be ordered for losses caused by the offense of

-5-

conviction.  *See West*, 646 F.3d at 751.

Applying these principles and the first causation prong, it is apparent Mr. James's offense was the direct cause of the damage to the victim's vehicle.  In making this conclusion, we rely on the "but-for" analysis for the proposition that "but for" Mr. James's carjacking offense, the victim's car would not have been taken to Nebraska, impounded, transported back to Kansas, and thereby totaled in the process.

With respect to the second causation prong involving proximate cause, it is clear an intervening event occurred.  After commission of the crime and the government's possession of the vehicle, it is undisputed the vehicle had only "small scratches & minor interior damage," and it was clearly operating the day Mr. Williams drove it.  It is also undisputed that when it was returned to the victim it was damaged beyond repair, to the point of being totaled and thereby unusable by the victim.  Clearly, an intervening event occurred, causing the damage.  At the sentencing hearing, the government admitted it had no evidence to show how or when the vehicle incurred such damage.  As a result, it did not carry its burden of showing this intervening cause "was directly related to the offense conduct," *Speakman,* 594 F.3d at 1172, or that the causal connection between the conduct and the loss was otherwise not too attenuated, either factually or temporally.  *See id.* at 1171-72.  As a result, the district court erred in ordering restitution concerning the vehicle.  *See, e.g., United States v. Kieffer*,

681 F.3d 1143, 1171 (10th Cir. 2012) (holding district court order of restitution failed for lack of proof when government failed to meet burden), *cert. denied,* 133 S. Ct. 996 (2013). Because the government has not indicated on appeal that any new evidence exists on how or when the damage occurred, it is evident its request for a further proceeding on this matter lacks merit or would otherwise prove fruitless.

## III.  Conclusion

For these reasons, we **VACATE** and **REMAND** to the district court the judgment of restitution concerning damages sustained to the vehicle at issue in this case, ordering it to revise such judgment in accordance with this decision.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge