MATHESON, J.,
dissenting.
I agree we may not disturb the district court’s loss calculations under U.S.S.G. § 2B1.1(b). See United States v. Gordon, 710 F.3d 1124, 1161 (10th Cir.), cert. denied, — U.S. -, 134 S.Ct. 617, 187 L.Ed.2d 400 (2013). I therefore join that portion of the majority’s order and judgment.
I would, however, reverse and remand regarding Mr. James’s two-level sentencing enhancement under U.S.S.G. § 2Bl.l(b)(2)(A), which applies to crimes affecting ten or more victims. Despite determining that only five banks had suffered financial loss as a result of Mr. James’s fraudulent actions, the district court concluded it lacked discretion under our mandate in James I to reconsider the two-level enhancement for crimes involving ten or more victims. See ROA, Vol. III at 148-49 (“It’s not that I don’t find merit in your argument, but I think I’m hamstrung based on the language of the Tenth Circuit opinion.”). This was procedural error because the court did have discretion to address that issue.
Under our mandate rule, “resentencing [on remand] may proceed de novo,” United States v. West, 646 F.3d 745, 749 (10th Cir.2011), unless this court has “specifically” limited the scope of remand, id. at 748 (quoting United States v. Moore, 83 F.3d 1231, 1234 (10th Cir.1996)). Accordingly, “the scope of the mandate on remand in the Tenth Circuit is carved out by exclusion: unless the district court’s discretion is specifically cabined, it may exercise discretion on what may be heard.” Id. at 749.
In James I, we concluded the district court miscalculated the loss caused by Mr. James’s actions and instructed the district court to “recalculate the actual losses of the ten original lenders it identified as victims of Mr. James’s conduct.” 592 F.3d at 1116. We further instructed the court that if it “finds that the original lenders have suffered an actual loss, but that the loss cannot reasonably be determined, it shall explain this finding, and shall use *722 gain as an alternative measure of loss.” Id. (citation omitted).
Although the specificity of our mandate in James I precluded plenary resentenc-ing, it did not expressly prohibit the district court from reconsidering issues inextricably entwined with or arising out of its new actual loss calculation under § 2B1.1(b)(1) — such as whether Mr. James’s conduct had, in fact, claimed ten victims as required by § 2Bl.l(b)(2)(A).
In fact, by instructing the district court to recalculate actual losses, which in turn determines the number of victims, this court effectively instructed the district court to reconsider its determination that the ten original lenders were victims of Mr. James’s conduct. See U.S.S.G. § 2B1.1 cmt. n. 1 (defining “[vjictim,” as “any person [including individuals, corporations, and companies] who sustained any part of the actual loss determined under subsection (b)(1) ” (emphasis added)); see also United States v. Leach, 417 F.3d 1099, 1107 (10th Cir.2005) (“Because the loss suffered by these 200 donors was not part of the actual loss determined by the court under U.S.S.G. § 2Bl.l(b)(l)(F), the district court erred by counting the donors as ‘victims’ for purposes of an enhancement under U.S.S.G. § 2Bl.l(b)(2).”); United States v. Abiodun, 586 F.3d 162, 169 (2d Cir.2008) (“[T]he District court erred as a matter of law when including these individuals among the tally of defendants’ victims because' the losses attributable to these victims were not included in the loss calculation.”); United States v. Armstead, 552 F.3d 769, 780-81 (9th Cir.2008) (same).
On remand, the district court recalculated actual loss for only five original lenders and declined to use gain as an alternative measure of loss. Given these calculations, the district court erred in concluding it lacked discretion under our mandate to reconsider the two-level enhancement for crimes involving ten or more victims. I would remand for the district court to reconsider Mr. James’s enhancement under § 2Bl.l(b)(2)(A), consistent with the foregoing.