FILED
United States Court of Appeals
Tenth Circuit

**August 13, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE ARTURO PENA,

Petitioner - Appellant,

v.

S. HARTLEY, Warden, Arkansas Valley
Correctional Facility; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents – Appellees.

No. 13-1278
(D.C. No. 1:12-CV-01363-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Jose Pena, a Colorado state prisoner, wants to appeal from the denial of his 28

U.S.C. § 2254 habeas petition. His request for a Certificate of Appealability (COA) and

his application to proceed on appeal without prepayment of fees were also denied.[1] He

renews those requests with this Court. His COA application is limited to two issues: (1)

---

[1] The district court's judgment was entered on May 29, 2013. Under Fed. R. App.
P. 4(a)(1)(A), Pena had thirty days, or until June 28, 2013, to file his notice of appeal.
His notice of appeal was not filed until July 1, 2013. We inquired into the timeliness of
the appeal and, based on his response, are now satisfied that the notice of appeal was
timely filed under the prison mailbox rule and we have jurisdiction. *See Bowles v.
Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil
case is a jurisdictional requirement.").

a *Miranda* claim[2] and (2) the dismissal of two of his evidentiary claims (Claims 2(c) and 4) for failure to exhaust state court remedies. We deny a COA on the first issue. We grant a COA on the second and reverse.

Pena beat fourteen-year-old Claudia Zamora to death. The motive: Zamora had accused Pena of raping her, causing him to be charged with sexual assault on a child. After being on the lam for eight years, he was arrested in New Mexico using an assumed name. He was extradited to Colorado where he was tried and convicted of first degree murder. For this crime, he was sentenced to life in prison without the possibility of parole.[3] His conviction was affirmed by the Colorado Court of Appeals; the Colorado Supreme Court denied certiorari review. The state trial court denied his Colo. R. Crim. P. 35(c) motion for post-conviction relief, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court again denied certiorari review.

Pena then filed this pro se § 2254 habeas petition raising several issues. While the district court's orders disposed of all issues, only two are relevant here. First, he argues the state trial court erroneously admitted a post-arrest statement he made to a detective in violation of *Miranda*.[4] He also claims his right to a fair trial was violated by the

---

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] Pena was separately tried and convicted of sexual assault on the same victim. That conviction was affirmed by the Colorado courts and state collateral relief was denied. His § 2254 habeas petition complaining of that conviction was also denied and we recently denied his request for a COA.

[4] After Pena was arrested in New Mexico, Detective Coleman, the lead investigator on the murder case, went to New Mexico to transport Pena back to Colorado to face the sexual assault and murder charges. Coleman approached Pena who was in a holding cell. Coleman introduced himself, called Pena by his nickname "Pepe," and told

admission at trial of improper evidence. *See infra* n.5. Consistent with the labels

assigned in the district court, we will refer to this evidentiary issue as Claims 2(c) and 4.[5]

(R. Vol. 1 at 48.)

Pena it was "nice to finally get to meet him" and "that [Pena] probably [didn't] know [him] but most of [his] family [did]." (R. Vol. 2 at 418.) Coleman then told Pena he was there to take Pena back to Colorado, that he had "been looking for [Pena] for a long time," and that "eight years is a long time to run." (*Id.*) Pena responded: "[N]ine, and it is, it's time to get it over with." (*Id.*) Coleman then told Pena that once things "settled down" and they were back in Colorado, he wanted to hear Pena's version of events. (*Id.*) Pena said he had already spoken to his attorney in Colorado and he did not want to make further statements without her present.

The trial court denied Pena's motion to suppress the statement he made to Coleman. Although it was undisputed that Pena was in custody at the time he made the statement and he had not been advised of his *Miranda* rights, the trial court concluded Coleman's words and actions were not the "functional equivalent of interrogation." (R. Vol. 2 at 419.) The Colorado Court of Appeals agreed: Coleman's statements "could not be characterized as evocative" and there was no evidence Coleman was aware of or trying to take advantage of "any particular susceptibility of defendant." (*Id.* at 297.) Indeed, Pena "had already spoken to his attorney and had agreed with her not to make any statements to the police until she was present." (*Id.* at 297-98.)

[5] The only issues Pena raises in his COA application concerning his evidentiary claims are Claims 2(c) and 4. He argues the judge erred in concluding they had not been properly exhausted in the state courts.

In Claim 2 of his § 2254 petition, Pena argued against the admission of the sexual and physical assault evidence on four grounds: (1) the sexual and physical assaults were not res gestae evidence under Colorado law; (2) the evidence was inadmissible hearsay under the Colorado Rules of Evidence; (3) the evidence violated his due process right to a fair trial; and (4) the admission of the sexual and physical assault evidence violated his right to confront the witnesses against him. The judge referred to these grounds as Claims 2(a)-(d). He dismissed Claims 2(a) and (b) because they raised state claims not cognizable under § 2254. He determined Claim 2(c) was not exhausted. He found Pena had exhausted Claim 2(d) (the Confrontation Clause claim) but denied it on the merits.

In Claim 4, Pena argued against the admission of evidence that (1) his two brothers were threatening to kill witnesses "like how [Pena] killed [Zamora]"; (2) his brother Jamie believed Pena had killed Zamora; (3) Jamie would provide his driver's license to help Pena and his other brother avoid detection; (4) Jamie and Pena's uncle had physically assaulted their former girlfriends; and (5) Oscar Prospero (the individual who had left the bar with Pena and Zamora the night she was killed) had died in April 2001,

The district judge denied relief.  First, he decided the Colorado Court of Appeals' conclusion that the detective's remarks were not "interrogation" triggering the warnings required by *Miranda* was neither contrary to nor an unreasonable application of clearly established law as determined by the United States Supreme Court.  *See* 28 U.S.C. § 2254(d)(1).  The detective's remarks did not offend the principles laid down in *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980) ("*Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent.  That is to say, the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."), or *Miranda*, 384 U.S. at 444 (holding an individual subject to "custodial interrogation" must be advised of certain rights including the right to remain silent and the right to the presence of an attorney).

Next, the judge concluded Pena failed to exhaust Claims 2(c) and 4 in the state courts and the claims would be procedurally barred under Colorado law because he failed to timely present them.  *See* 28 U.S.C. § 2254(b)(1)(A); *see also Bland v. Sirmons*, 459 F.3d 999, 1011-12 (10th Cir. 2006).  Pena had labeled his claims on direct appeal as asserting a due process violation, but the district judge concluded the label was

shortly after Pena was arrested (but the jury was not told that he died from complications of a car accident thereby allowing it to erroneously infer he was killed at Pena's direction).  The judge found Claim 4 to be unexhausted.

insufficient for purposes of exhaustion because Pena had failed to make arguments based

on federal law or cite to any Supreme Court authority in his direct appeal brief; instead,

he had relied only on Colorado case law. *See Anderson v. Harless*, 459 U.S. 4, 5-7

(1982) (claim on direct appeal that jury instruction was erroneous did not fairly present

due process challenge to instruction for exhaustion purposes); *Picard v. Connor*, 404 U.S.

270, 276-77 (1971) (holding habeas petitioner failed to fairly present federal claim to

state court where, despite presenting all necessary facts, petitioner failed to assert specific

argument he later tried to raise in federal court); *Thomas v. Gibson*, 218 F.3d 1213, 1221

n.6 (10th Cir. 2000) (holding petitioner's general state court claim was insufficient to

exhaust his later, more specific federal habeas claim).[6]

A COA is a jurisdictional prerequisite to our review of a petition for a writ of

habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA

"only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate

---

[6] While normally courts should dismiss an unexhausted claim without prejudice to allow the petitioner to pursue his state court remedies, *see Bland*, 459 F.3d at 1012, the judge concluded the Colorado courts would now find Claims 2(c) and 4 procedurally barred under Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (in the absence of certain exceptions, requiring denial of any post-conviction relief claims that were previously raised or resolved or which could have been previously presented in a prior appeal or post-conviction proceeding). Thus, he decided the claims were procedurally defaulted and Pena had failed to establish cause and prejudice or a fundamental miscarriage of justice. *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

Pena argued against procedural bar because subsections (VI) and (VII) were added to Rule 35(c)(3) after he filed his direct appeal in 2002. Whether he is right or wrong is of no consequence. As we explain, the district judge erred in concluding Claims 2(c) and 4 were not exhausted.

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). When the district judge's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The district judge properly addressed and resolved the *Miranda* claim. The propriety of that decision is not debatable. However, the judge erred in concluding Pena had failed to exhaust Claims 2(c) and 4. He concluded Pena only raised state claims in his direct appeal, leaving related but insufficiently identified and argued federal claims unexhausted. But Colorado treats all constitutional claims raised on direct appeal as federal claims unless they are clearly identified as Colorado constitutional claims. *See, e.g.*, *People v. Mershon*, 874 P.2d 1025, 1030 n.2 (Colo. 1994); *People v. Gann*, 724 P.2d 1318, 1320 (Colo. 1986). Likewise, federal law looks to the "substance" of claims made on direct appeal; if any of the claims can be said to "fairly present[]," expressly or by clear implication, a federal constitutional claim then exhaustion requirements have been satisfied as to those claims. *See Picard*, 404 U.S. at 275, 278.

Because Pena's § 2254 petition is a very near image of his direct appeal brief, we consider it in deciding whether a federal claim has been fairly stated. If one has, then under the rules of construction set forth in *Mershon/Gann* and *Picard*, the claim was

exhausted in state court.  That said, the dispositive question is whether Pena's § 2254 petition, specifically Claims 2(c) and 4, state a federal constitutional claim or only a state law claim not cognizable under § 2254.  *See* § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (quotations omitted).

Claims 2(c) and 4 involve the admission of evidence, which Pena alleges was improper and sufficiently momentous to offend due process guarantees.  The focus is on the admission, as res gestae, of out-of-court statements by the victim accusing Pena of physical and sexual assault and the admission of evidence that witnesses had been intimidated and possibly killed and the male members of Pena's family were violent toward women.  *See supra* n.5.

Affording Pena's pro se § 2254 petition a most solicitous construction, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), the "substance" of Claims 2(c) and 4 is that the admitted evidence was so unduly prejudicial as to deny him a fair trial.  His allegations rather thinly state a federal due process claim.  *See Payne v. Tennessee*, 501 U.S. 808, 825 (1991) ("In the event that evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief."); *see also Ochoa v. Workman*, 669 F.3d 1130, 1144 (10th Cir. 2012).  And because Claims 2(c) and (4) mirror those raised in state court, they were exhausted.

Accordingly, we must remand for consideration of Claims 2(c) and (4) which were adjudicated by the Colorado Court of Appeals, albeit in a somewhat summary fashion.

On remand, the district court must decide whether a state court's decision (addressing Claims 2(c) and 4) resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); *see also Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) ("§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

The scope of our remand requires special attention. It is strictly limited to two matters—Claims 2(c) and 4.[7] All other issues have been abandoned and are not subject to revival on remand. *See Fairchild v. Workman*, 579 F.3d 1134, 1145-46 (10th Cir. 2009); *Artes-Roy v. City of Aspen*, 31 F.3d 958, 960 n.1 (10th Cir. 1994).

We **DENY** Pena's request for a COA on the *Miranda* claim. We **GRANT** a COA on Claims 2(c) and 4 raised in the request for a COA, **REVERSE** their dismissal, and **REMAND** to the district court <u>for the limited purpose detailed above</u>. As we have entered a decision on one of his claims, Pena's request to proceed on appeal without prepayment of fees is moot. While Pena has escaped <u>prepayment</u> of fees he is, nevertheless, liable for and must pay the full amount of all filing and docketing fees.

---

[7] Under the mandate rule, the district judge is precluded from considering other issues. *See United States v. West*, 646 F.3d 745, 748 (10th Cir. 2011) (stating "[t]he mandate rule is a corollary to the law of the case requiring trial court conformity with the appellate court's terms of remand").

Payment must be made to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge