**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

JAMES HOWARD BURNS,

　　Defendant - Appellant.

No. 15-5022
(D.C. No. 4:12-CR-00053-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

Appellant James Howard Burns challenges the district court's decision to modify his conditions of supervised release without a hearing and without him present. We affirm.

Mr. Burns was convicted in the district court based on his guilty plea to the possession of child pornography. The district court sentenced him to 63 months' imprisonment followed by a term of supervised release that, in relevant part, barred him from having contact with children, including his minor daughter, without

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

approval from his probation officer.  On direct appeal, Mr. Burns challenged that condition and we found plain error, stating "we vacate the restriction that requires probation office approval for Mr. Burns to contact his daughter and remand for reconsideration of this restriction."  *United States v. Burns*, 775 F.3d 1221, 1223 (10th Cir. 2014).

On remand, the district court determined that our decision did not authorize a de novo resentencing, limiting its review to reconsideration of the supervised release condition "specified by the Tenth Circuit."  R., Vol. 1 at 58.  Without a hearing, the district court modified the condition to exempt family members under Fed. R. Crim. P. 32.1(c)(2), which allows modification of supervised release conditions without a hearing if the relief is favorable to the defendant.  Mr. Burns brings this appeal arguing that the district court erred in not holding the hearing with him present. Mr. Burns insists that our decision on direct appeal did allow for resentencing because we directed the district court to reconsider the condition and said nothing to limit resentencing, and because we "vacated" the condition, leaving nothing for the district court to modify.

Generally, re-sentencing on remand is de novo.  *United States v. Keifer*, 198 F.3d 798, 801 (10th Cir. 1999).  "[D]e novo resentencing *permits* the receipt of any relevant evidence the court could have heard at the first sentencing hearing."  *Id*. (internal quotation marks omitted).  The district court, however, is not obligated to conduct a de novo re-sentencing.  On remand, the court "has the *discretion* to entertain evidence that could have been presented at the original sentencing even on

issues that were not the specific subject of the remand." *Id.* (emphasis added) (internal quotation marks omitted).  Thus, a court's decision to limit the scope of re-sentencing is reviewed for abuse of discretion.  On remand, "unless the district court's discretion is specifically cabined, it may exercise discretion on what may be heard." *United States v. West*, 646 F.3d 745, 749 (10th Cir. 2011).  The district court "is to look to the mandate for any limitations on the scope of the remand." *Id*.

Looking at the mandate, we said "reconsideration" and never said "resentencing." *Burns*, 775 F.3d at 1223.  While it is true, as Mr. Burns suggests, that not saying "resentencing" does nothing to limit resentencing on remand, the words we did use paint a clear picture of our intentions.  Our vacatur was of the specific restriction of Mr. Burns' ability to see his minor daughter and did not envelop the whole condition on Mr. Burns' ability to be in contact with minor children in general.  Thus, the text of our order specifically cabins the district court to amend the condition and nothing else on remand.  *See West*, 646 F.3d at 749.  When the district court did exactly that, it did not abuse its discretion.  Accordingly, we affirm.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

3