**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY CHARLES ZANDER,

    Defendant - Appellant.

No. 16-4162
(D.C. No. 2:10-CR-01088-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

    Jeffrey Zander appeals from the district court's amended judgment correcting his sentence after our previous remand. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we again reverse and remand for resentencing, but affirm the district court's refusal to consider certain sentencing issues that lie beyond the scope of our prior mandate.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

A jury convicted Zander of two counts of mail fraud, two counts of wire fraud, one count of money laundering, and three counts of willful failure to file federal tax returns. Zander's convictions arose from his scheme to divert federal grant money intended for the Paiute Indian Tribe of Utah ("the Tribe") for his own personal benefit. The district court originally sentenced him to 68 months' imprisonment and awarded $202,543.92 in restitution to the Tribe. Although Zander's presentence report recommended a ten-level sentence enhancement based upon a loss of between $120,000 and $200,000, see U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(F) (U.S. Sentencing Comm'n 2012), the district court applied a twelve-level sentence enhancement applicable to losses between $200,000 and $400,000.

On appeal, we affirmed Zander's convictions but reversed and remanded on two issues involving the length of his sentence and the amount of restitution. Because the government conceded that the district court improperly included at least some expenses in calculating the Tribe's loss, we ordered resentencing in accordance with a corrected loss calculation within the $120,000 and $200,000 range. United States v. Zander, 794 F.3d 1220, 1232 (10th Cir. 2015). We also determined that the district court's restitution award included losses that were not adequately supported under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, and therefore remanded for reconsideration of the restitution award under the correct legal standards. Zander, 794 F.3d at 1233.

On remand, the district court conducted a resentencing hearing, at which Zander appeared by video. The district court's First Amended Judgment lowered the restitution amount to $176,698 but left the 68-month sentence in place. In response, the government filed a Fed. R. Crim. P. 35(a) motion to correct the sentence. It noted that the district court should have lowered Zander's offense level by one level, which would have reduced the Guideline range from 57-71 months to 51-63 months. Without holding another resentencing hearing, the district court entered a Second Amended Judgment that incorporated the revisions from the First Amended Judgment and reduced Zander's sentence from 68 to 63 months.

## II

Zander argues that the district court erred in resentencing him via videoconference because Fed. R. Crim. P. 43(a)(3) requires that a defendant be present at sentencing. The government concedes the error. See United States v. Torres-Palma, 290 F.3d 1244, 1248 (10th Cir. 2002) ("[V]ideo conferencing for sentencing is not within the scope of a district court's discretion. Furthermore, Rule 43 vindicates a central principle of the criminal justice system, violation of which is per se prejudicial. In that light, presence or absence of prejudice is not a factor in judging the violation."). We therefore remand for Zander to be resentenced in the physical presence of the sentencing judge.[1]

---

[1] This remand also disposes of Zander's claim that the district court erred in changing his sentence to 63 months without holding a resentencing hearing.

## III

Zander also contends that the district court was required to conduct a de novo resentencing and to consider other sentencing guideline calculation issues, such as the amount of loss under the fraud and tax Guidelines, and special offense characteristics, such as the enhancement for sophisticated means.

"Resentencing on remand is typically de novo, but an appellate court may limit the district court's discretion pursuant to the mandate rule." United States v. Keifer, 198 F.3d 798, 801 (10th Cir. 1999). Our prior remand directed the district court to resentence Zander "in accordance with [a] corrected loss calculation" within the $120,000 to $200,000 range. Zander, 794 F.3d at 1232. Thus, the district court correctly ruled that the sentencing guideline calculation issues Zander attempted to raise went beyond the limited scope of its mandate. Cf. United States v. Webb, 98 F.3d 585, 587 (10th Cir. 1996) (holding that because we specifically directed the district court to impose a sentence between 27-33 months, "the mandate rule prohibited the district court from departing downward from the guideline range enunciated").

Zander further argues that even if our prior remand was limited, errors from the initial sentencing hearing would result in serious injustice if uncorrected. Exceptional circumstances may justify an exception to the mandate rule. See United States v. West, 646 F.3d 745, 749 (10th Cir. 2011). But Zander's cursory argument on this point fails to convince us that such an exception applies to his case.

4

## IV

Additionally, Zander argues that the evidence is insufficient to support the district court's revised order awarding $176,698 in restitution. He contends that in calculating this sum, the district court included checks that were not directly attributable to his fraud scheme. See Zander, 794 F.3d at 1233 (noting that restitution can only compensate for losses caused by the offense of conviction).

Our prior remand did not specifically limit the district court's consideration of restitution issues. See id. at 1234 (remanding "for reconsideration of the restitution award under the correct legal standards"). We left the district court with discretion to consider additional challenges to the restitution order that were not discussed in the prior appeal. See West, 646 F.3d at 749-50. The court nevertheless stated that remand was limited to the issue of whether any amounts over $176,698 should be included in the restitution award. To the extent the district court concluded it lacked authority to consider other restitution issues, it erred. See id. at 750.

Further, the district court seems to have held that Zander's sufficiency of the evidence claims failed on the merits because all of the checks used to calculate the $176,698 figure were part of the relevant conduct involved in the offense, regardless of whether the checks were written early or late in Zander's scheme. But this rationale does not adequately address two of Zander's arguments: (1) that the work paid for by some of the checks was actually performed and therefore did not constitute a loss to the Tribe; and (2) that some of the checks to Zander's fake companies had nothing to do with the federal grants and thus should not have been

5

counted as losses resulting from his scheme. It is unclear whether the district court resolved these arguments. We accordingly decline to affirm on the merits of the restitution issue.

The government argues that Zander should be judicially estopped from contesting that he owes restitution of at least $176,698. The judicial estoppel doctrine prevents a party from taking a position in a legal proceeding that is contrary to a position previously asserted. United States v. Villagrana-Flores, 467 F.3d 1269, 1278 (10th Cir. 2006). But the government has not shown that Zander "succeeded in persuading a court to accept that party's earlier position . . . ," id. (quotation omitted), given our broad mandate concerning the restitution issue, see Zander, 794 F.3d at 1234. Therefore, we reject reliance on judicial estoppel to justify the district court's result.

On remand, the district court should determine whether to consider Zander's restitution arguments. We emphasize that the district court has discretion to make this determination. See West, 646 F.3d at 749. By remanding on this issue, we do not instruct the district court on how to exercise its discretion. We merely conclude that the district court erred to the extent it held that our prior remand afforded it no discretion to consider Zander's restitution challenges. See id. at 750.[2]

_____

[2] It might seem unusual to permit a reduction in restitution without allowing a corresponding reduction in the loss amount for sentencing purposes. But even if the district court were to deduct from the restitution amount all of the checks that are for road inventory or right-of-way inventory payments, as Zander requests, the resulting decrease in restitution would be $51,698. If that entire amount were subtracted from the $176,698 figure, the restitution order would be $125,000—still within the

6

## V

Finally, Zander requests that this case be remanded to a different district judge for resentencing. "[W]e will remand with instructions for assignment of a different judge only when there is proof of personal bias or under extreme circumstances." Mitchell v. Maynard, 80 F.3d 1433, 1448 (10th Cir. 1996). Because Zander has failed to show personal bias or extraordinary circumstances sufficient to justify reassignment on remand, we deny his request.

## VI

We reverse and remand Zander's sentence and order of restitution for further consideration in accordance with this order and judgment. We grant the government's unopposed motion to take judicial notice of Zander's brief in appeal No. 13-4174.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

$120,000 to $200,000 guideline loss range for resentencing that we mandated in the previous appeal. See Zander, 794 F.3d at 1232.