**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY CHARLES ZANDER,

    Defendant - Appellant.

No. 17-4101
(D.C. Nos. 2:15-CV-00625-DN &
2:10-CR-01088-DN-1)
(D. Utah)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

    Jeffrey Charles Zander, proceeding pro se, seeks a certificate of appealability

(COA) so he can appeal the denial of his 28 U.S.C § 2255 motion. *See* 28 U.S.C.

§ 2253(c)(1)(B).[1] We deny a COA and dismiss the appeal.

I

    A federal jury convicted Mr. Zander on two counts of mail fraud, two counts of

wire fraud, one count of money laundering, and three counts of willful failure to file

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe pro se arguments. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). It appears Mr. Zander is trained as a lawyer, though he is unlicensed, and his application fails under our more solicitous standard.

federal tax returns. The convictions resulted from Mr. Zander's efforts to divert federal funds for the Paiute Indian Tribe of Utah to his personal use. The district court sentenced him to 68 months in prison and ordered that he pay $202,543.92 in restitution. On direct appeal, Mr. Zander disputed the sufficiency of the evidence underlying his mail and wire fraud convictions, conditionally challenged his money laundering conviction, and contested both his sentence and restitution order. *See United States v. Zander*, 794 F.3d 1220, 1226 (10th Cir. 2015). During the pendency of the appeal, he also filed a § 2255 motion, which the district court denied as premature. We later affirmed the convictions, but reversed and remanded in part for reconsideration of the sentence and restitution order. *Zander*, 794 F.3d at 1234.

On remand, the district court resentenced Mr. Zander to 63 months in prison and ordered that he pay $176,698 in restitution. Mr. Zander appealed, and once again we remanded for further consideration of the sentence and restitution order. *United States v. Zander*, 705 F. App'x 707, 711 (10th Cir. 2017) (unpublished). As before, Mr. Zander filed a § 2255 motion while his appeal was pending in this court. The district court ruled that the claims were procedurally defaulted because he failed to raise them on direct appeal. Consequently, the court denied the motion and also denied a COA. Mr. Zander now seeks a COA so he can appeal the denial of his § 2255 motion.

## II

A COA is a jurisdictional prerequisite to our review of the denial of a § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial

2

of a constitutional right." 28 U.S.C. §2253(c)(2). Where, as here, the district court denies the claims on procedural grounds, the applicant must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Mr. Zander seeks a COA on eight claims, four of which assert error stemming from the alleged false testimony of two witnesses. For claims 1 and 2, he says his due process rights were violated because the government failed to correct and instead capitalized on the alleged false testimony of these witnesses. For claims 3 and 4, he contends the Sixth Amendment and "rudimentary demands of fair procedure" were violated when the government offered these witnesses' statements, despite indicating before trial that it would not put on evidence of other bad acts under Fed. R. Evid. 404(b). Aplt. Br. at 9. For claims 5 and 6, he contends the government repeatedly accused him during summation of committing embezzlement, thereby violating his due process rights and "rudimentary demands of fair procedure." *Id.* And in claims 7 and 8, he alleges cumulative error.

The district court determined these claims were procedurally defaulted because Mr. Zander failed to raise them on direct appeal. "A defendant's failure to present an

3

issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). Cause may be shown if "the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice denotes "error of constitutional dimensions that worked to [the movant's] actual and substantial disadvantage." *United States v. Snyder*, 871 F.3d 1122, 1128 (10th Cir. 2017) (internal quotation marks omitted), *petition for cert. filed*, (U.S. Dec. 15, 2017) (No. 17-7157). A movant may establish a fundamental miscarriage of justice with "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

Mr. Zander does not dispute that he failed to raise his claims on appeal. Rather, he contends the district court erred in concluding that he did not show cause or prejudice. He asserts he has cause for not bringing his claims on direct appeal because the factual basis for them is not in the record. But the district court recognized that the factual predicate for all of his claims could be found in the existing record. Although Mr. Zander maintains that prosecutorial misconduct claims such as these are inappropriate for direct review, "[c]riminal defendants routinely include claims about the conduct of the prosecution in their direct criminal appeals," *United States v. Velarde*, 683 F. App'x. 688, 690 (10th Cir. 2017) (unpublished).[2] He also insists he could not have brought his claims

---

[2] We may consider non-precedential, unpublished decisions for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

4

on direct appeal while his first § 2255 motion was pending, but the district court rejected this argument, ruling he could not benefit from failing to follow proper post-conviction procedure. Indeed, Mr. Zander would have his premature § 2255 motion serve as cause for excusing the default. Absent any authority for such a tenuous position, reasonable jurists would not debate the district court's determination that Mr. Zander failed to show cause for not bringing his claims on direct appeal.

Nor would reasonable jurists debate the court's conclusion that he failed to show prejudice. Mr. Zander argues that he was prejudiced by the errors underlying claims 1 and 2 because the government's failure to correct the witnesses' testimony had a substantial influence on the jury. He says the errors underlying claims 3 and 4 were prejudicial because the government's alleged misrepresentations concerning its intent to submit Rule 404(b) evidence "facilitated the prejudice" created by the errors underlying claims 1 and 2, violated the Sixth Amendment's confrontation clause, and contravened the district court's order requiring disclosure of Rule 404(b) evidence. Aplt. Br. at 24. He further argues for purposes of claims 5 and 6 that he was prejudiced by the government's accusations of embezzlement because those accusations denied him the right to be tried only for the crimes listed in the indictment. Finally, he contends he was prejudiced by the cumulative error alleged in claims 7 and 8 because there was cumulative prejudice created by the other alleged errors.

A § 2255 movant "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional

5

dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). As the district court observed, Mr. Zander's arguments speculate on nothing more than the possibility of prejudice. Mr. Zander has not shown that the witnesses' testimony was false; he has not pointed to any actual harm from the government's introduction of their testimony; he was not tried on any charge of embezzlement; and he asserts only in the abstract that he suffered cumulative prejudice. These speculative assertions fail to show that he was actually and substantially disadvantaged by the claimed errors. Thus, no reasonable jurist would debate the district court's conclusion that Mr. Zander failed to show prejudice.

Apart from cause and prejudice, Mr. Zander might have attempted to overcome the procedural default via the miscarriage-of-justice exception, which requires a credible showing of actual innocence. *See McQuiggin*, 569 U.S. 392-93. But Mr. Zander made no effort to argue or make the requisite showing necessary to sustain a miscarriage-of-justice claim based on actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (holding that a habeas petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial"). Consequently, no reasonable jurist could debate the district court's conclusion that Mr. Zander failed to establish a miscarriage of justice and that his claims were procedurally defaulted.[3]

---

[3] Mr. Zander contends we should order an evidentiary hearing if necessary, but as the district court determined, a hearing is not necessary because the factual allegations do not entitle him to relief. *See United States v. Barrett*, 797 F.3d 1207, 1224 (10th Cir. 2015) (holding that a § 2255 movant was entitled to a hearing if it enabled him "to prove the motion's factual allegations, which, if true, would entitle [him] to relief" (brackets, ellipsis, and internal quotation marks omitted)).

### III

Because no reasonable jurist would debate the district court's decision, we deny a

COA and dismiss this appeal.  Mr. Zander's motion to expand the record on appeal is

denied.

Entered for the Court


Gregory A. Phillips
Circuit Judge