**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY CHARLES ZANDER,

    Defendant - Appellant.

No. 18-4012
(D.C. No. 2:10-CR-01088-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Jeffrey Charles Zander was convicted of mail fraud, wire fraud, money laundering, and failure to file tax returns. On direct appeal, this court affirmed his convictions, but remanded for resentencing on restitution. *United States v. Zander*, 794 F.3d 1220, 1234 (10th Cir. 2015) (*Zander I*). An appeal after the resentencing resulted in a second remand for further consideration of restitution. *United States v. Zander*, 705 F. App'x 707, 711 (10th Cir. 2017) (unpublished) (*Zander II*). After being sentenced a third time, Mr. Zander again appealed. That merits appeal,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

No. 17-4156, remains pending. This appeal is from the district court's denial of Mr. Zander's motion for release pending a decision in No. 17-4156. We affirm.

We review both purely legal questions and mixed questions of law and fact de novo, "but we accept the district court's findings of historical fact which support [the detention] decision unless they are clearly erroneous." *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). Under 18 U.S.C. § 3143(b), for release pending appeal Mr. Zander must establish he is not likely to flee or to pose a danger to the safety of any other person or the community; the appeal is not for the purpose of delay; and, as relevant here, the appeal "raises a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

The only issue in this appeal is whether Mr. Zander has identified a substantial question of law likely to result in a reduced sentence that will expire before this court decides No. 17-4156.[1] "[A] substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (en banc) (internal quotation marks omitted).

---

[1] Mr. Zander asserts that the district court used the wrong standard, in that it stated, in summarizing its decision, that he had "not met his burden of proving his motion raises a substantial question of law or fact likely to result in a reversal or a sentence less than the total time he has already served," Resp. Br., Attach. L at 3, rather than the total of time served plus the expected duration of the appeal process. The summary, however, appears to have been a harmless misstatement, because earlier in its decision the district court had recited the correct standard. *See id.* at 1-2.

Mr. Zander's bail memorandum brief presents one argument—that the district court erred in calculating the Guidelines range for his three failure-to-file convictions. Mr. Zander states that the district court erroneously applied an enhancement for using sophisticated means to increase the offense level for those convictions. *See* United States Sentencing Guideline Manual § 2T1.1(b)(2) (U.S. Sentencing Comm'n 2012). Without that enhancement, he asserts, the maximum Guidelines range would be 57 months instead of 63 months, and he will have served more than 57 months of imprisonment before this court decides No. 17-4156.

Mr. Zander did not raise his sophisticated-means argument at his first sentencing or during *Zander I*. He did raise it as part of his second sentencing, but the district court held that the issue was beyond the scope of the *Zander I* mandate, and this court affirmed that determination. *See Zander II*, 705 F. App'x at 710. After *Zander II*, the district court conducted two re-sentencings. In the earlier re-sentencing, the district court declined to consider the sophisticated-means issue, holding it to be outside the scope of the mandate, consistent with *Zander II*. But in the later re-sentencing, the district court rejected the sophisticated-means issue on the merits. In denying Mr. Zander's motion for release, the district court concluded that "the sentencing enhancement for sophisticated means was reviewed and it was determined it applied under the facts of this case." Resp., Attach. L at 2.

Relying on *Zander II*, the government argues that the sophisticated-means issue is not likely to reduce Mr. Zander's term of imprisonment because it was

3

outside the scope of the *Zander I* and *Zander II* mandates.[2]  In the alternative, the government argues that the enhancement properly applies.  We need not consider the alternative argument, however, because the merits panel in No. 17-4156 is unlikely to consider the sophisticated-means argument.

Because *Zander II* held that the sophisticated-means argument was beyond the scope of the *Zander I* mandate and affirmed the district court's decision not to address it, the panel in No. 17-4156 likely will conclude that the issue also was beyond the scope of the *Zander II* mandate.  "Under the law of the case doctrine, when a court decides an issue of law, that decision should govern all subsequent stages of the litigation."  *Padilla-Caldera v. Holder*, 637 F.3d 1140, 1145 (10th Cir. 2011); *see also Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) ("[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal.").  "The mandate rule, in turn, generally requires trial court conformity with the articulated appellate remand." *Padilla-Caldera*, 637 F.3d at 1145 (internal quotation marks omitted).  In light of the law of the case doctrine and the mandate rule, the panel hearing No. 17-4156 may well conclude that the district court should not have reached the merits of the sophisticated-means argument.

---

[2] Contrary to Mr. Zander's assertions in his reply brief, the government did argue before the district court that *Zander II* precluded the sophisticated-means argument.  *See* Resp., Attach. H at 2-4; *id.*, Attach. I at 94.

The law of the case doctrine and the mandate rule are not jurisdictional, and they may give way in exceptional circumstances. *See Padilla-Caldera*, 637 F.3d at 1145. With regard to the mandate rule, we have identified one such exceptional circumstance as "blatant error from the prior sentencing decision [that] would result in serious injustice if uncorrected." *United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir. 1996); *see also United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) (recognizing an exception to the law of the case doctrine "when the decision was clearly erroneous and would work a manifest injustice"). But it appears unlikely that Mr. Zander will be able to show in No. 17-4156 that the district court found any such exceptional circumstances that would allow it to decide the merits of the sophisticated-means enhancement.

Mr. Zander argues in his reply brief that under Fed. R. Crim. P. 32(i)(1)(D), a district court at sentencing "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." But he has failed to show where the district court considered and found good cause for making a new objection; rather, it appears that the district court mistakenly believed it had previously addressed the merits of the issue. It also is unclear whether the merits panel will determine that Rule 32(i)(1)(D) should apply notwithstanding the law of the case doctrine and the mandate rule.

5

The motion for leave to file a reply brief is granted, and the Clerk is directed to file Mr. Zander's reply brief as of the date of this decision. The denial of release pending a decision in No. 17-4156 is affirmed.

Entered for the Court
Per Curiam