FILED
United States Court of Appeals
Tenth Circuit

November 5, 2020

Christopher M. Wolpert
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

MARC DUTCH,

Defendant - Appellee.

No. 19-2196

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. 1:16-CR-01424-MV-1)

---

C. Paige Messec, Assistant United States Attorney (John C. Anderson, United States Attorney, with her on the briefs), Office of the United States Attorney, Albuquerque, New Mexico, for Appellant.

Brian A. Pori, Albuquerque, New Mexico, for Appellee.

---

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

**TYMKOVICH**, Chief Judge.

---

Marc Dutch pleaded guilty in 2016 to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e). In its presentence report, probation recommended that Dutch may be subject to a

sentencing enhancement under the Armed Career Criminals Act (ACCA).  At the sentencing hearing, the district court concluded the ACCA should not govern Dutch's sentencing because the government had not met its burden of proving Dutch's predicate crimes occurred on separate occasions.

The federal government appealed the sentencing decision to this court and, through an unpublished opinion, a panel of this court concluded the ACCA applied because the government had proved by a preponderance of evidence that Dutch's prior crimes "occurred on different dates and at different locations." *See United States v. Dutch* (*Dutch I*), 753 F. App'x 632, 635 (10th Cir. 2018), cert. denied, 139 S. Ct. 1590 (2019).  We accordingly reversed and remanded for resentencing. *Dutch I*, 753 F. App'x at 635.  Prior to remand, Dutch pursued en banc review in this court, raising much the same arguments, and then petitioned for relief before the United States Supreme Court.  Both requests were denied.

At resentencing, despite this history, the district court at the defendant's urging revisited the ACCA determination and concluded, once again, that it did not apply.  The district court concluded the charging document and plea agreement the government offered to show Dutch committed his crimes on different occasions were inadequate to determine whether Dutch had actually committed the crimes on different occasions or simply committed one act of

aiding and abetting. The court sentenced Dutch to a 60-month term of imprisonment and three years of supervised release.

This appeal addresses the federal government's challenge to the district court's resentencing. The government insists the district court violated our directions for resentencing on remand by deciding, once again, that the ACCA does not apply to Dutch despite our differing conclusion in *Dutch I*. We agree. The district court disregarded this court's clear mandate from *Dutch I* that the ACCA governs Dutch's sentencing.

We reverse and remand for resentencing.

# I. Background

## A. Factual Background

Because a panel of this court already laid out the background to this case in *Dutch I*, we briefly summarize the relevant facts. On January 27, 2016 officers from the Albuquerque Police Department responded to a report that a vehicle had crashed into a wall. Soon after their arrival, the officers made contact with the owner of the vehicle, Marc Dutch. The officers took Dutch into custody and discovered that he was carrying a loaded .22LR caliber revolver and methamphetamine. Dutch was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e). He pleaded guilty.

Ten years earlier, Dutch had been charged with seven counts of bank robbery. He pleaded guilty to three counts of the substantive offense of bank robbery, as well as aiding and abetting in those three robberies, in violation of 18 U.S.C. §§ 2 and 2113(a). These three robberies all took place on different days at different locations in Albuquerque during November of 2005.

## B. Procedural Background

In its presentence report, probation noted Dutch's three prior convictions for bank robbery qualified as violent felonies under the ACCA. Under the ACCA, a defendant is subject to a minimum term of imprisonment of 15 years if he has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Given Dutch's prior felonies, probation recommended the district court apply the ACCA's sentencing enhancement.

Dutch objected to any enhancement under the ACCA. Relevant here, Dutch argued that the federal government had failed to meet its burden of showing by a preponderance of the evidence that his convictions were "committed on occasions different from one another" as is required under *United States v. Delossantos*, 680 F.3d 1217 (10th Cir. 2012).

The government argued the ACCA should apply to Dutch. According to *Shepard v. United States*, 544 U.S. 13, 16 (2005), a district court can consider

only certain evidence when determining whether a sentencing enhancement applies under the ACCA. In compliance with *Shepherd*, the government offered the indictment, plea agreement, and criminal judgment from the 2006 bank robberies to prove that the bank robberies occurred on different occasions. The government insisted this information was enough for the district court to find that Dutch had been convicted of qualifying violent felonies committed on different occasions.

The district court agreed with Dutch. Specifically, it concluded the ACCA did not apply because Dutch was addicted to drugs at the time of his crime spree so he had no meaningful opportunity to stop between each of the robberies. The court imposed a sentence well below the 15-year minimum that would have applied under the ACCA, a 60-month term of imprisonment and three years of supervised release.

The government appealed the sentence to this court, arguing the district court had erred in deciding not to apply the ACCA to Dutch. On appeal in *Dutch I*, the panel considered the theory the district court relied on. It also considered another theory Dutch briefed and argued in *Dutch I*: that the documents provided by the government were ambiguous about which crimes Dutch had actually committed. According to the plea agreement, Dutch pleaded guilty to the substantive offenses of bank robbery *and* aiding and abetting two accomplices in

committing them. No factual description was given of what role he actually played in the crimes. Thus, according to Dutch, the documents left open the possibility that he could have aided and abetted each of the robberies through a single criminal action taken on one occasion. Given this possibility, Dutch argued, the government had not met its burden of showing that the crimes were committed on *different* occasions.

The panel in *Dutch I* rejected both arguments and held that the ACCA should apply. 753 F. App'x at 634–35. Throughout the opinion, the panel decided: "[w]e agree with the government that the ACCA governs because Dutch's crimes were committed on occasions different from one another," *id.* at 633 (internal quotations omitted); "Dutch's prior indictment demonstrates that his three bank robberies occurred at different times and places, and involved different banks. This information satisfies the government's burden," *id.* at 634; and "[w]e also reject Dutch's argument that he did not admit to aiding and abetting the bank robberies on different occasions," *id.* The panel concluded, "We REVERSE the district court's conclusion that the ACCA does not apply and REMAND with instructions to VACATE Dutch's sentence and resentence him consistent with this order and judgment." *Id.* at 635.

Dutch filed a petition for rehearing en banc and a petition for writ of certiorari to the United States Supreme Court, both of which were denied. In

-6-

those petitions he again argued that the ACCA should not apply because the charging document and plea agreement were insufficient to prove he had committed the crimes on different occasions.

On remand, the district court held another sentencing hearing. At this hearing, Dutch's counsel revived the argument that the ACCA should not apply because of ambiguity in the charging documents and plea agreement about whether Dutch pleaded guilty to aiding and abetting the bank robberies on one occasion or three separate occasions.

Faced with this argument, the district court asked "[O]n what basis do I resentence disregarding [*Dutch I*'s] mandate?" Aplt. App. 323. Dutch responded "is the Tenth Circuit infallible?"and insisted that this court had not fully understood the argument during the first appeal. *Id.* The district court eventually agreed, concluding it was not "a fully-developed argument and not fully addressed." *Id.* at 326.

Having concluded it was not bound by *Dutch I*'s mandate, the district court once again decided the ACCA did not apply. This time, it concluded the government had not met its burden of showing the crimes were committed on different occasions due to the paucity of information in the charging document and plea agreement. The district court reimposed its original sentence of a 60-

month term of imprisonment and three years of supervised release.  The

government objected based upon this court's mandate and subsequently appealed.

## II.  Analysis

The government makes one argument on appeal.  It argues the panel's

mandate from *Dutch I* limited the district court's discretion on remand.  The

government insists we must reverse the district court's resentencing decision

because the district court went beyond the bounds of that mandate when

resentencing.  We agree.

### A.  Law of the Case and the Mandate Rule

A decision by this court establishes the law of the case and prevents an

issue decided by it from being relitigated on remand.  *United States v. West*, 646

F.3d 745, 747–48 (10th Cir. 2011).  When we remand a case, we generally

provide instructions to the district court—the so-called "mandate."  We have said

"[t]he mandate consists of our instructions to the district court at the conclusion

of the opinion, and the entire opinion that preceded those instructions." *Proctor &*

*Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003).

The mandate rule follows from the law of the case doctrine.  *See* 18B

Wright & Miller, Federal Practice and Procedure § 4478.3 (2d ed. 2002) (Oct.

2020 update) ("Law-of-the-case terminology is often employed to express the

principle that an inferior tribunal is bound to honor the mandate of a superior

court within a single judicial system."). It requires the district court to strictly comply with any mandate rendered by this court on remand. *West*, 646 F.3d at 748. "There is nothing surprising about [this] basic principle, which inheres in the nature of judicial hierarchy." Wright & Miller at § 4478.3.

We have a presumption in favor of general remands when remanding for resentencing. *West*, 646 F.3d at 749. So, in cases remanded for resentencing, the district court is at liberty to expand its considerations beyond the original error this court addressed absent an express limitation by this court. *Id.* This means that "[a] court of appeals that wishes to control the resentencing process must accept responsibility for expressing its intentions." Wright & Miller at § 4478.3.

We look to the language of the previous mandate to determine whether the prior panel limited the district court's discretion on remand. *West*, 646 F.3d at 749. We review the interpretation of a mandate de novo. *United States v. Walker*, 918 F.3d 1134, 1144 (10th Cir. 2019). We then ask whether the court abused any measure of discretion left to it. *Id.*

Even if the mandate specifically precludes reconsideration of an issue, this court has carved out several exceptions to the mandate rule when the district court is faced with exceptional circumstances. *See United States v. Moore*, 83 F.3d 1231, 1234–35 (10th Cir. 1996). These exceptional circumstances include a dramatic change in controlling legal authority, significant new evidence that was

not obtainable earlier through due diligence, or a blatant error from the prior sentencing decision that would result in serious injustice if left uncorrected. *Id.*

As we show below, none of the exceptional circumstances was met here.

### B. Dutch I*'s Mandate*

The panel's mandate in *Dutch I* was specific and limited the district court's discretion on remand: the ACCA governs Dutch's sentencing. The panel held that the government had presented sufficient evidence to show the crimes were committed on different occasions. 753 F. App'x at 634. And it made clear that the district court was bound by this determination on remand. *Id.* at 635 ("We REVERSE the district court's conclusion that the ACCA does not apply and REMAND with instructions to VACATE Dutch's sentence and resentence him *consistent with this order and judgment*.") (emphasis added). This was not a general remand on the applicability of the ACCA. The district court had no discretion to disregard the panel's specific and limited mandate. It erred by disregarding the mandate from *Dutch I.*

Dutch and the district court are correct on several points: we are not infallible and we do not always address an issue as fully as the district court might hope in our mandates. But the *Dutch I* court did not suffer from either of these infirmities. In no uncertain terms, the panel rejected Dutch's argument that the district court relied on at resentencing. *See id.* at 634 ("We also reject

-10-

Dutch's argument that he did not admit to aiding and abetting the bank robberies on different occasions.").[1]  Even if the prior panel had erred, the extent of a district court's discretion on remand is not determined by our fallibility or the district court's satisfaction with our explanation.  The court's discretion on remand is determined by the limitations expressly imposed on it by our mandate.  This court need not plumb the depths and details of an issue to preclude further argument about it on remand.

On those occasions, hopefully few and far between, when this court is wrong or unclear, the district courts are not in the position to engage in error correction on remand.  We have processes in place to ensure *parties* can have errors corrected: petitions for panel rehearings, rehearings en banc, and writs of certiorari to the United States Supreme Court.  Dutch pursued these processes following *Dutch I* to no avail.  If the mandate rule means anything, it must mean that a district court cannot disregard a specific mandate on remand because it disagrees with it or thinks it insufficiently explained.

---

[1]  Though we need not reach the underlying issue here, we agree with the *Dutch I* panel that the government satisfied its burden of proving Dutch has three prior violent felony convictions that were committed on occasions different from one another.  Regardless of whether Dutch aided and abetted the three bank robberies through a single action of aiding and abetting, the charging document and plea agreement prove he was charged with and pleaded guilty to three counts of substantive bank robbery.  The documents also make clear these robberies happened on different occasions in different locations.  That is enough for the government to satisfy its burden.

And finally, of course, the mandate rule can be tempered by exceptional circumstances. Dutch argues at least one of the exceptions to the mandate rule applies. But none do. There is no new law at issue and no new evidence has been uncovered. The third exception applies only to blatant errors by the prior *sentencing* court, which it may consider only if this court failed to address them. That was not the case here.

### III. Conclusion

We REVERSE the district court's conclusion that the ACCA does not apply and REMAND with instructions to VACATE Dutch's sentence and resentence him consistent with this opinion.