**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 24, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LEROYA COZAD,

    Defendant - Appellant.

No. 22-3050
(D.C. No. 6:19-CR-10123-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

This appeal implicates the doctrine known as "law of the case."

*United States v. Dutch*, 978 F.3d 1341, 1345 (10th Cir. 2020). The

law-of-the-case-doctrine provides the springboard for the "mandate rule,"

which requires the district court to carry out our "mandate." *Id.* Our

---

[*]    Ms. Cozad moved to expedite the appeal, stating that it would become moot if we didn't issue a decision by October 28, 2022. We grant the motion to expedite. To expedite consideration, we have dispensed with oral argument. *See* Motion to Expedite Appeal at 2 ¶ 5 ["[I]f the Court wishes to dispense with oral argument to avoid delay in resolving the case, the case can be submitted on the briefs without oral argument."].

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

mandate consists of the instructions to the district court, which often come from our entire discussion. *Proctor & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003). The parties disagree on how to apply the mandate rule to the resentencing of the defendant, Ms. Leroya Cozad.

The resentencing stemmed from the defendant's guilty plea on a charge of manufacturing counterfeit Federal Reserve Notes. 18 U.S.C. § 471. The conviction triggered a guideline range of 24 to 30 months, and the district court imposed a sentence at the midpoint: 27 months. In imposing this sentence, the district court explained that it would start midway through the guideline range (rather than the low end) because the defendant had not entered into a plea agreement.

The defendant appealed. In defending the sentence, the government argued that the district court could legitimately start at the guideline range's midpoint (rather than the low end) by (1) assuming that a plea agreement would include an appeal waiver and (2) considering the absence of an appeal waiver. *United States v. Cozad*, 21 F.4th 1259, 1264 (10th Cir. 2022). We disagreed, remanding for resentencing after concluding that the district court can't start higher than it otherwise would have started just because the defendant hadn't entered into a plea agreement or waived an appeal. *Id.* at 1262–63, 1264–66.

On remand, the district court resentenced the defendant to the same sentence: 27 months. This time, the district court relied on the absence of

2

an appeal waiver to start at the guideline range's midpoint and to decline to consider a sentence at the low end. R. vol. 3, at 102–103, 107–109. The defendant appeals again, arguing that the district court did not follow our mandate. We conduct de novo review in determining whether the district court complied with our mandate. *United States v. Dutch*, 978 F.3d 1341, 1345 (10th Cir. 2020).

The government argues that our prior discussion of an appeal waiver was "tangential." Government's Resp. Br. at 3. The discussion wasn't tangential because we were addressing the government's argument for affirmance. *See United States v. Cozad*, 21 F.4th 1259, 1264 (10th Cir. 2022) ("The government argues that a district court may consider the absence of a plea agreement because such agreements often include certain conditions, such as appellate waivers."). Even if the discussion had been tangential, however, the "government acknowledges that the district court was bound to follow [this discussion] under the mandate rule." Government's Resp. Br. at 14.

The defendant points out that in the prior appeal, we held that the district court can't start higher than it otherwise would have started because the defendant hadn't waived an appeal. *Cozad*, 21 F.4th at 1264–

3

65.[1] The district court apparently misunderstood our prior opinion in two respects. R. vol. 3, at 101 (expressing confusion from the remand).

First, the district court said that we had apparently erred in assuming that the starting point for the sentence must be at the low end of the guideline range. We didn't assume or suggest that. The court can start anywhere within the guideline range. *See Gall v. United States*, 552 U.S. 38, 49 (2007) (stating that the starting point is the applicable guideline range). But we held that the district court can't pick the starting spot based on the failure to enter a plea agreement or waive an appeal. *Cozad*, 21 F.4th at 1262–63, 1264–66.

---

[1]    There we said:

> Furthermore, although we held in [*United States v. Tena-Arana*, 738 F. App'x 954, 961–64 (10th Cir. 2018), that an appeal waiver may sometimes be relevant,] the *presence* of a waiver in an existing plea agreement is fundamentally different than the *absence* of an appeal waiver in an agreement that never happened and whose terms remain purely hypothetical. When the parties reach an agreement, a district court can evaluate the terms, including any waivers, in the context of the agreement as a whole to determine the degree to which the waivers may show some additional acceptance of responsibility. By contrast, when the defendant enters an open plea, the court may not know whether any plea agreement was offered, let alone under what terms. Indeed, there is no evidence in this case that an appellate waiver was ever discussed. In these circumstances, without more information, it is unreasonable to penalize the defendant for the absence of an appellate waiver in a nonexistent agreement.

*United States v. Cozad*, 21 F.4th 1259, 1264–65 (10th Cir. 2022).

4

Second, the district court said that we had remanded for lack of an adequate explanation. R. vol. 3, at 102. The court misunderstood our remand. We didn't question the adequacy of the explanation, for the district court explained itself at the first sentencing. The problem was the content of the explanation, which showed improper reliance on the lack of a plea agreement or appeal waiver. *Cozad*, 21 F.4th at 1262–65.

The district court explained that it wasn't punishing the defendant for failing to waive an appeal. In the court's view, it was just declining to start lower in the guideline range because the defendant hadn't agreed to an appeal waiver. R. vol. 3, at 108. But this is precisely the same argument that the government gave in the prior appeal. There the government argued that "if a sentencing court [could] grant additional leniency in recognition of conditions in a plea agreement that show acceptance of responsibility," like an appeal waiver, "it follows that the court [could] view a defendant's refusal to accept such conditions as demonstrating a corresponding lack of acceptance and withhold that leniency." *Cozad*, 21 F.4th at 1264.

We rejected this argument, explaining that "the *presence* of a waiver in an existing plea agreement is fundamentally different than the *absence* of an appeal waiver in an agreement that never happened and whose terms remain purely hypothetical." *Id.* (emphasis in original). And we expressly concluded that a district court can't "extend 'additional leniency' to defendants who enter into plea agreements and withhold it from those who

do not." *Id.* at 1266. Through these conclusions, we rejected the district court's distinction between punishment and withholding leniency. Either way, we explained, the district court couldn't impose a longer term than it would have otherwise imposed if the defendant had waived an appeal. *Id.* at 1262–63, 1264–66. The district court thus (unintentionally) failed to carry out our mandate by resentencing the defendant to 27 months at least in part because she hadn't waived an appeal.

The government argues that even if the district court had erred, the error would have been harmless. The government bears the burden of proving harmlessness by a preponderance of the evidence. *See United States v. Lang*, 405 F.3d 1060, 1064–65 (10th Cir. 2005) (review for harmlessness is appropriate for failure to comply with the mandate rule); *United States v. Burris*, 29 F.4th 1232, 1238 (10th Cir. 2022) (stating that the standard for harmlessness is preponderance of the evidence). In our view, the government hasn't satisfied this burden.

Even if the district court had disagreed with the prior appellate decision, our opinion prohibited consideration of the lack of an appeal waiver. *United States v. Dutch*, 978 F.3d 1341, 1345 (10th Cir. 2020). Despite that prohibition in the prior appellate opinion, the district court explained that it was imposing a sentence of 27 months even though a defendant who had waived an appeal would have received a milder sentence. That explanation repeats the one rejected in the prior opinion,

and the government hasn't shown how we could consider the error as harmless.

We remand for resentencing before a different judge. In doing so, we express no criticism of the district judge. We simply conclude that it would be beneficial for another district judge to apply a fresh perspective to avoid the appearance that the new sentence is tainted by consideration of the defendant's failure to enter into a plea agreement or waive an appeal. *See Mitchell v. Maynard*, 80 F.3d 1433, 1450 (10th Cir. 1996) (requiring consideration of the "appearance of justice" and the difficulty for the original judge to put aside previously expressed views (internal quotation marks omitted)).

Given the expedited nature of this appeal, any petition for panel rehearing or rehearing en banc must be filed within five days from the date of this decision. If no timely petition is filed, the mandate shall issue the following business day.

Entered for the Court


Robert E. Bacharach
Circuit Judge